GastoN, J.
 

 It is essential to the
 
 uniform
 
 administration of justice, which is one of the best securities for
 
 its faithful
 
 administration, that the rules of evidence should be steadily observed. Among these, the rule, which regulates the admission of testimony, offered to impeach the character of a witness, is now so well established and so clearly defined, that a departure from it must be regarded as a violation of law. The witness is not to be discredited, because of the opinions which any person or any number of persons may have expressed to his disadvantage, unless such opinions have created or indicate a
 
 general reputation
 
 of his want of moral principle. The impeaching witness must, therefore, profess to know the general reputation of the witness sought to be discredited, before he can be heard to speak of his own opinion or of the opinions of others, as to the reliance to be placed on the testimony of the impeached witness.
 

 State
 
 v
 
 Boswell, 2
 
 Dev. 209.
 
 Downey
 
 v
 
 Smith,
 
 1 Dev. & Bat. 62. This rule, we think, was not observed in the case before us, and the exception taken to the reception of Mr. Worth’s testimony was therefore well founded. The judgment must be reversed and a new trial awarded.
 

 Per Curiam. New trial awarded.