### JOHN R. BONNER v. R. T. HODGES.

*Evidence—Fraud—Expression of Opinion by Judge.*

1. It is only where the law gives to testimony an artificial weight that the Judge is at liberty to express an opinion upon its weight.

2. Upon the trial of an action involving the *bona fides* of an assignment for the benefit of creditors, it was in evidence that, at the request of the assignor, one of his creditors postponed taking judgment before a Justice of the Peace until an hour of the day later than that named for the return of the summons, the debtor alleging that he was making arrangements to borrow the money, but before the expiration of the extended time, the debtor made an assignment, preferring other creditors: *Held*, that an instruction to the jury that the circumstance was a strong badge of fraud was not warranted under the Act of 1796 (*The Code*, § 413).

CIVIL ACTION against the Sheriff for a trespass, tried at Spring Term, 1892, of BEAUFORT Superior Court, before *Shuford, J.*

W. B. Rodman, an attorney, held a claim for collection in favor of one Thomas against one Gaskins.   He brought suit against Gaskins, and at the urgent solicitation of Gaskins postponed the hearing before the Justice of the Peace for sev-

eral days till February the 6th, at 10 o'clock A. M., when Gas-kins induced him to agree to a postponement of the trial till after 12 o'clock by a promise to try to borrow the money before noon.   At 11 o'clock of that day Gaskins executed a deed of assignment, preferring other creditors, whose debts will exhaust all of his property.   The attorney subsequently obtained judgment for his client and caused the defendant Sheriff to seize the goods on execution issued on his debt. The Sheriff is sued for making this seizure.   The other material facts are stated in the opinion.

There was a verdict and judgment thereon for the defend-ant, and the plaintiff appealed.

*Mr. J. H. Small*, for plaintiff.
*Mr C. F. Warren*, for defendant.

AVERY, J.: The charge of the Court embodied a full, clear, and for the most part, correct statement of the law applicable to the testimony.   But in response to a request of counsel made when the instruction proper was finished, the jury were told that a circumstance shown in evidence was a strong badge of fraud.   The testimony so characterized was to the effect that the debtor had asked the attorney of a creditor to postpone taking a judgment against him before a Justice of the Peace, and that while the attorney was holding the case open till 12 o'clock of the same day to see if the debtor could borrow the money to pay his debt, as he had proposed to do, the debtor made an assignment at 11 o'clock, preferring other creditors, and making no provision for the payment of the claim upon which the attorney had sued.

The trial Judge must, upon the request of counsel, and sometimes his own motion, instruct the jury upon the weight of testimony in cases of this kind, where it is sufficient to raise a presumption of fraud, " but he is not at liberty to say to the jury that any fact, proved or admitted, that does not

raise a presumption of the truth of the allegation of fraud, is a strong circumstance tending to establish it." *Berry* v. *Hall,* 105 N. C., 164; *Ferrall* v. *Broadway,* 95 N. C., 551. In the case of *Berry* v. *Hall,* the Court said further: "But opinions of chancellors, as to the weight of evidence in particular cases, when they are often inconsistent with ideas of testimony, expressed by the same Court or the same Judge, upon a state of facts almost identical in some other suit, must not be mistaken for rules of evidence. When the facts tending to establish the right of the plaintiff to equitable relief demanded are in dispute, the jury must pass upon the testimony, and the Judge has no right to express an opinion as to its weight, but may, and under some circumstances must, explain the law as to presumptions arising on the evidence." Expressions used by chancellors, when giving the reasons for reaching certain conclusions of fact, as that circumstances mentioned had more than ordinary weight with them, are not to be relied upon as authority upon the law, since, in passing upon the facts, they were discharging the duties now devolving upon jurors. The Judge may explain the law arising on the facts, but he is not at liberty to give an opinion as to " whether a fact is fully or sufficiently proved." *The Code,* § 413. It is true that the language of chancellors used in discussing the weight of evidence was sometimes repeated inconsiderately in discussing cases tried in a court of law, and this mistake has led to some confusion, but under our statute it is only where the law gives to testimony an artificial weight that the Judge is at liberty to mention the sufficiency of proof at all in delivering his instructions to the jury. *Bobbitt* v. *Rodwell,* 105 N. C., 236; *Helms* v. *Green, Ibid,* 265 ; *Harding* v. *Long,* 103 N. C., 1 ; *Woodruff* v. *Bowles,* 104 N. C., 197.

We think, therefore, that there was error, for which the plaintiff is entitled to a new trial.