JAMES H. SCULL & CO. v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 20 March, 1907).

Railroads—Rates—Published Tariff—Opposite Direction—Penalty.
    In shipments to a great distance, special circumstances, such as flow of traffic, may justify a higher rate between two points in one direction than in the opposite; and in an action for the recovery of the penalty under section 2642, Revisal, prohibiting railroad companies from charging more than the rate printed in the tariff in force at the time, or more than is allowed by law, it is error for the Judge below in effect to charge the jury that such tariff rate published between the two points for freight moving in an opposite direction to that of the shipment in question was conclusive, and that they should be governed in their verdict as to the overcharge accordingly.

ACTION to recover for overcharge on shipment of freight and for a penalty in not refunding same, commenced befor a justice of the peace, and tried on appeal, before *Jones, J.,* and a jury, at December Term, 1906, of Superior Court NEW HANOVER County.

There was verdict and judgment for plaintiff for overcharge and a penalty, and defendant excepted and appealed.

*J. H. Scull* and *Marsden Bellamy, Jr.,* for plaintiff.
*Davis & Davis* for defendant.

HOKE, J.   Our statute law, Revisal, sec. 2642, enacts that
no railroad or other transportation company, etc., shall
charge more for the transportation of property than the rate
appearing in the "printed tariff of such company in force
at the time such service is rendered, or more than is allowed
by law."

Section 2643 provides the method by which a claim for an
overcharge shall be prepared and established a maximum
period of sixty days within which the same shall be re-
funded; and section 2644 imposes a penalty in case the said
overcharge is not returned within the time allowed; the
penalty, in any case, not to exceed one hundred dollars.

On the trial below there was testimony on the part of
plaintiff tending to show that an overcharge had been made
against them by defendant company, arising, in part, by
an erroneous classification of some trees and shrubbery,
shipped from Cronly, N. C., to Petersburg, Va., over lines
of defendant, and on to Cincinnati, Ohio, by other lines;
that demand for such overcharge had been made and filed
as directed by the statute, and, defendant had failed and
refused to return the amount.

The claim was submitted to the jury, and verdict ren-
dered on the following issues:

1. "Did defendant collect, or cause to be collected, from
plaintiff an overcharge in freight on goods described in bill
of lading, shipped from Cronly, N. C., to Cincinnati, Ohio?
If so, how much?"   Answer: "Yes; $1.89."

2. "In what amount, if any, is defendant indebted to
plaintiff as a penalty, as prescribed by law?"   Answer:
"$100."

With other testimony on these issues, plaintiff put in evidence a book issued by defendant company entitled "How to Ship," Exhibit B; also rate issue, No. 4211, Exhibit C; and from these documents, as we gather from the testimony set out, it seems that goods shipped, as these were, boxed and value limited to 3 cents per pound, are rated as fourth class, and that the charge thereon, as fourth class, from Cincinnati to Cronly was 65 cents per cwt.

We speak tentatively as to the contents of these documents, because, though they are marked as Exhibits B and C in case on appeal, they are not in the record; but the testimony set out makes it sufficiently clear that they contain the facts as stated.

There was also evidence to the effect that plaintiff had been charged a much larger rate, and on a different classification from that described in these papers, and a greater rate than that allowed by law.

Defendants offered no evidence. Referring to this testimony, the Judge, on the first issue, charged the jury, in substance, that the rate from Cronly to Cincinnati should be the same as that from Cincinnati to Cronly; and if the jury should find, from the greater weight of evidence, that defendant's book, "How to Ship," classified these goods as fourth class and established a rate therein from Cincinnati to Cronly at 65 cents, then the amount charged above that rate would be an overcharge, and the jury should so render the verdict.

In this we think there was error to defendant's prejudice, which entitles it to a new trial of the issues.

It does not at all necessarily or conclusively follow that because a rate is established from Cincinnati to Cronly, that the same rate should prevail from Cronly to Cincinnati. There may be and frequently are facts and conditions which

affect the rate in one direction which do not exist and have no bearing or just influence on the rate in the opposite direction. And it is laid down in Judson on Interstate Commerce, sec. 137, that "There is no necessary connection between rates on traffic of the same kind or class in one direction and rates in the opposite direction, as special circumstances, such as flow of traffic, may justify higher rates in one direction than the other. Especially is this the case where the distance is of great length."

Such a rate may, under some circumstances, be evidence on the question as to whether there has been a charge greater than that allowed by law; but the charge of the Court referred to makes the rate in one direction conclusive as to the other; and in this, as stated, there is error, which entitles the defendant to a new trial.

We have purposely refrained from adverting to the question discussed in the briefs, as to whether, on the facts of this case, the State legislation under which plaintiffs proceed and the relief sought by them are inhibited by the commerce clause of the Federal Constitution and the legislation by Congress in the exercise of this power. It is a question of great and far-reaching importance, and we deem it best that it should be considered and passed upon when the facts are fully ascertained and the issues properly determined.

It may be well to note that should these or similar questions be presented as the results of another trial and the exhibits referred to are again relied upon and in evidence, the documents themselves or copies thereof should accompany the record.

A careful examination of these papers may, and no doubt will, be required for an intelligent discussion of the subject.

For the error above referred to there will be a new trial, and it is so ordered.

New Trial.