The defendant was convicted of seduction, and appealed from a judgment sentencing him to serve a term of three years in the State prison.
There was sufficient evidence upon all the essential elements of the crime to be submitted to the jury, and the only exception meriting serious consideration occurs upon the following excerpt from the record: "During the argument to the jury of Mr. F. B. Benbow, one of the counsel for the defendant, he turned to the acting solicitor and said, in substance: `Why didn't you put witnesses on the stand to show the defendant's bad character? You scoured the country with a fine tooth comb for other witnesses against the defendant, but you dared not offer witnesses as to his bad character because you could not find them.'"
The same counsel repeated this statement throughout the course of his argument. *Page 48 
During the progress of the concluding argument of Mr. Webster, acting Solicitor for the State, Mr. Folger, of counsel for the defendant, objected to the argument of Mr. Webster, which was to the effect that the State could not attack the character of the defendant, since the defendant did not go on the stand; the court did not rule on said objection at that time, and at the close of Mr. Webster's argument Mr. Hall, of counsel for the defendant, again objected to the argument of Mr. Webster, and made the following remarks:
"Brother Webster argued to the jury that the State couldn't attack the character of the defendant because the defendant did not go on the stand. Your Honor will recall that the character of the defendant was put in evidence, and the State could have put any number of witnesses on the stand to rebut that."
The Court: "I understand the rule to be that the State cannot show any witness' character unless the witness goes on the stand. The defendant may offer evidence to show his character whether he goes on the stand or does not go on the stand. The defendant may offer evidence to use substantively, and if he goes on the stand, also as to his credibility. If he does not go on the stand it is only substantive. The State may offer evidence bearing on his credibility. I think that is the rule of evidence in North Carolina."
Mr. Webster: "I understand that is what I argued to the jury."
To the action of the court in overruling the defendant's objections to the foregoing argument and to the foregoing statement by the court, to the jury, the defendant excepts."
This quotation from the record presents for review an aspect of character evidence. Beginning with MacRae v. Lilly, 23 N.C. p. 118, and running in continuous sequence through S. v. Colson, 193 N.C. 236, the question of the admissibility of character evidence has been the subject of extended and minute judicial deliberation. At the outset it must be borne in mind that character evidence is governed by different rules in civil and criminal actions. Ordinarily in a civil action evidence of the character of the parties and witnesses is admissible only as affecting their credibility. The rule may be otherwise in actions for libel and slander, seduction or other similar cases in which the character of one or more of the parties or principals is directly involved. In re McKay, 183 N.C. 226. And further, in civil actions, if the defendant has not been examined as a witness and his character is not called in question by the nature of the action itself, evidence of bad character cannot be offered by the adverse party. In such a case the defendant cannot even offer evidence of his good character. Marcom v. Adams, 122 N.C. 222. *Page 49 
However, in criminal actions a different principle prevails. Certain rules regulating the competency or admissibility of character evidence have been evolved in the decisions of this State. Some of the general rules receiving the stamp of judicial recognition are as follows:
1. Every person accused of a crime, either felony or misdemeanor, has a right to offer in his defense testimony as to his good character, and when such testimony is so offered it is substantive evidence of the fact, and may be so considered by the jury. S. v. Hice, 117 N.C. 783; S. v. Morse,171 N.C. 777. This right does not depend upon the fact that a defendant testifies in his own behalf, but it is limited to evidence of general character, and when such evidence of general character is offered, immediately the prosecution has the right to offer evidence of the defendant's bad character either by cross-examination or by other witnesses.
2. If a defendant testifies in his own behalf, but offers no evidence as to his character, the State may offer evidence of his bad character, but such evidence should affect only his credibility as a witness. S. v.Traylor, 121 N.C. 674.
3. A party offering a character witness can only prove the general character of the person inquired about, but the witness of his own accord may say in what respect the character of such person is good or bad; or the adverse party on cross-examination may test the witness by eliciting such statements. S. v. Daniel, 87 N.C. 507; S. v. Hairston, 121 N.C. 579; S.v. McKinney, 175 N.C. 784; S. v. Butler, 177 N.C. 585.
4. When a defendant offers evidence of his good character the State may offer evidence of his bad character, "but cannot, by cross-examination or otherwise, offer evidence as to particular acts of misconduct." S. v.Holly, 155 N.C. 485; S. v. Adams, 193 N.C. 581.
5. Where an impeaching or sustaining character witness is offered, he must be qualified by showing whether or not he knows the general character or reputation of the person about whom he proposes to testify. If he does not meet this qualification, he should be stood aside. S. v. Parks,25 N.C. 296; S. v. Colson, 193 N.C. 236. This rule is amplified by Clark, C. J., in Edwards v. Price, 162 N.C. 244, in the following language: "The party himself, when he goes upon the witness stand, can be asked questions as to particular acts, impeaching his character, but as to other witnesses it is only competent to ask the witness if he `knows the general character of the party.' If he answers `no,' he must be stood aside. If he answers `yes,' then the witness can, of his own accord, qualify his testimony as to what extent the character of the party attacked is good or bad. The other side, on cross-examination, can ask as to the general character of the party for particular vices or *Page 50 
virtues. But it is not permissible either to show distinct acts of a collateral nature nor a general reputation for having committed such specified act."
6. In all criminal prosecutions, certainly those involving moral turpitude, the defendant may elect to put his character in issue and thus produce evidence of his good reputation and standing in the community; but if this be not done, the State cannot offer evidence of his bad character, unless and until he has been examined as a witness in his own behalf, and even then — the defendant not electing to put his character in issue — the impeaching testimony is permitted to affect only his credibility as a witness, and not the question of his guilt or innocence. Of course, in proper instances, in criminal cases, where the defendant chooses to put his character in issue, the pertinent evidence, pro and con, then becomes substantive proof, and may be considered by the jury as such.Stacy, C. J., in S. v. Colson, 193 N.C. 236.
The rules of admissibility of character evidence, so far as they are pertinent to this appeal, may be summarized in a few clear-cut propositions. In the event a defendant, charged with crime, goes upon the witness stand, and testifies in his own behalf and offers no evidence as to his good character, the State can thereupon offer testimony as to his bad character, and such testimony cannot be considered upon the question of his guilt or innocence, but only upon his credibility as a witness. In such event, if the defendant in addition to testifying as a witness, offers testimony as to his good character, then such testimony so offered is substantive testimony to be considered by the jury upon his guilt or innocence, and also upon his credibility as a witness. Thereupon the State may offer evidence of his bad character. Such testimony so offered by the State may be considered by the jury as substantive evidence upon guilt or innocence, and in addition, upon the credibility of the testimony of the defendant as a witness. If the defendant does not go upon the witness stand and offers no evidence of his good character, then the door is shut and the State cannot either directly or indirectly produce evidence of bad character. If the defendant does not go upon the witness stand, but offers evidence of his good character, the door swings open and the State can thereupon offer evidence of his bad character, which must be considered as substantive evidence upon the question of guilt or innocence.
Applying these principles of law to the facts presented by the record, it appears that the defendant did not go upon the witness stand, but did offer evidence of his good character. It further appears that during the progress of the argument of the case, a controversy arose between counsel for the State and defendant as to whether the State could offer evidence of the defendant's bad character. Counsel for the defendant challenged *Page 51 
counsel for the State to show why the State had not produced evidence of defendant's bad character, and contended before the jury that the State had failed to produce evidence of bad character for the reason that it was impossible to find witnesses who would so testify. Counsel for the State, replying to this argument, contended before the jury that the reason the State had failed to offer testimony as to the bad character of the defendant was due to the fact that the State could not offer such testimony because the defendant had not been upon the witness stand as a witness in his own behalf. The point at issue was thus sharply drawn before the jury. The trial judge announced a proper rule under certain circumstances, but used this language: "If he does not go upon the stand, it is only substantive. The State may offer evidence bearing on his credibility. I think that is the rule of evidence in North Carolina." This statement of the court was doubtless an inadvertence, because the State cannot offer evidence of bad character bearing upon the credibility of a defendant's testimony when the defendant is not a witness or does not testify in his own behalf. By reason of the pointed and unequivocal manner of presenting the question before the jury, we are of the opinion that the defendant was entitled to have the jury instructed that the State could have offered evidence of defendant's bad character by reason of the fact that the defendant had put his character in issue by offering testimony of his good character. By virtue of the peculiar circumstances disclosed by the record and the erroneous interpretation of the law by the trial judge, the jury might have concluded that the State, under the circumstances, could not offer evidence of defendant's bad character. In this situation and under the particular facts disclosed by the record, we cannot say, as a matter of law, that this was harmless error, and therefore award a
New trial.