STATE v. MRS. JOHN TURPIN AND FRANK SHERRILL.

(Filed 15 June, 1932.)

**Criminal Law G e—Evidence of reputation of defendant's garage for selling liquor held incompetent as hearsay evidence.**

In a prosecution for violation of the prohibition laws evidence that the defendant's garage had the reputation of selling liquor is incompetent as hearsay evidence.

APPEAL by defendant, Mrs. John Turpin, from *Harding, J.,* at July-August Term, 1931, of SWAIN.

Criminal prosecution tried upon indictment charging the defendant, and another, with violations of the prohibition laws.

Lee Birchfield, a character witness for Mrs. Turpin, was asked on cross-examination the following question:

"Q. What is the reputation of the defendant's home in regard to selling liquor? (Objection; overruled; exception.) A. That is the repu-

tation of that filling station, it has been liquor. I don't know I could buy whiskey there for sure, but I have got some reports on the filling station."

From an adverse verdict and judgment of six months in jail, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*I. C. Crawford and Edwards & Leatherwood for defendant.*

STACY, C. J. The evidence respecting the reputation of defendant's garage for selling liquor was hearsay and should have been excluded. *S. v. Springs,* 184 N. C., 768, 114 S. E., 851; *S. v. Mills,* 184 N. C., 694, 114 S. E., 314. The identical question was before the Court in the two cases just cited. Further discussion would only call for a repetition of what was said in these cases.

New trial.