### STATE v. CHARLIE RYALS.

(Filed 2 May, 1956.)

**Intoxicating Liquor § 9d—**

> Evidence tending to show that a quantity of nontaxpaid liquor was found on defendant's premises near his house and at places under his control is sufficient to be submitted to the jury in a prosecution for unlawful possession of intoxicating liquor.

JOHNSON, J., not sitting.

APPEAL by the defendant from *Seawell, J.,* August, 1955 Term, HARNETT Superior Court.

Criminal prosecution first tried in the Recorder's Court of Harnett County upon a warrant charging the defendant did unlawfully (1) have in his possession spirituous liquors for the purpose of sale, and (2) have in his possession spirituous liquors upon which the taxes imposed by the laws of the United States or by the State of North Carolina had not been paid. The defendant was convicted on the count charging unlawful possession but was acquitted on the charge of unlawful possession for the purpose of sale. From the judgment imposed, the defendant appealed to the Superior Court of Harnett County. He was again convicted for the unlawful possession of nontaxpaid whisky and from the judgment imposed he appealed to this Court, assigning as error the failure of the trial court to grant his motion for a directed verdict at the close of the State's evidence.

*William B. Rodman, Jr., Attorney General, and Samuel Behrends, Jr., Asst. Attorney General, for the State.*
*Young & Taylor, by J. R. Young, for defendant, appellant.*

PER CURIAM. The evidence in the case shows that four officers armed with a search warrant searched the defendant's premises with the following result: One quart of nontaxpaid whisky was found in the weeds about 15 feet from the defendant's house; at least 24 fruit jars, half a dozen of which contained the odor of whisky, were found in the defendant's tobacco barn, 75 to 100 yards from his house; a sack containing six fruit jars of nontaxpaid whisky was found in the weeds within two or three feet of the defendant's hog pen. The defendant admitted ownership of the pen and the hogs. The evidence was sufficient to present a jury question and to support the verdict.

No error.

JOHNSON, J., not sitting.