## STATE v. WILLIAM LEWIS ANDERSON.

(Filed 2 December, 1964.)

**1. Appeal and Error § 38—**

An exception not brought forward and discussed in the brief is deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Trial § 35—**

In a prosecution for driving a vehicle on a public highway while under the influence of intoxicating liquor, an instruction to the effect that the State contended the statute was enacted to protect life and property and if the jury should fail to "convict on this evidence, then the law or statute commonly referred to as 'the drunken driving' statute, would have no purpose and no effect" *held* prejudicial as an expression of opinion by the court on the evidence. G.S. 1-180.

APPEAL by defendant from *Clark, S.J.,* 10 February 1964, Criminal Session, GUILFORD — High Point Division.

Criminal prosecution on a warrant charging defendant with unlawfully and wilfully operating an automobile upon the public highway while under the influence of intoxicating liquor, tried *de novo* in the superior court after an appeal by defendant from a. conviction and judgment in the High Point municipal court, criminal division.

Plea: Not guilty. Verdict: Guilty as charged.

From the judgment imposed, defendant appeals.

*Attorney General T. W. Bruton, Deputy Attorney General Harry W. McGalliard, and Assistant Attorney General Richard T. Sanders for the State..*

*Boyan & Wilson by Clarence C. Boyan for defendant appellant.*

PER CURIAM. The State's evidence was amply sufficient to carry the case to the jury. Defendant's assignment of error to the denial of his motion for judgment of compulsory nonsuit made at the close of all the evidence has not been brought forward and discussed in his brief. It is therefore deemed abandoned. Rule 28, Rules of Practice in the Supreme Court. 254 N.C. 783, 810.

Defendant assigns as error this part of the charge:

"They [the State] say and contend that the statute under which the defendant in this case is charged is a good law; that its primary purpose is to protect life and property on the highways; that the primary purpose of this statute, and other criminal statutes, is not to punish anybody, but is to protect your rights, and that

you have a right to operate a motor vehicle on the highways of the State without being run into by some drunk, or by some person drinking or operating a motor vehicle while under the influence, and that you should convict in this case, and that if you cannot, if you don't convict on this evidence, then the law or statute commonly referred to as the 'drunken driving' statute, would have no purpose and no effect."

This assignment of error is well taken. We think the manner of stating the contentions of the State as set forth above, and particularly the peculiar emphasis of the words "that if you cannot, if you don't convict on this evidence, then the law or statute commonly referred to as the 'drunken driving' statute, would have no purpose and no effect" was improper, gave the State an undue advantage over defendant, and was indicative of an opinion to the jury that the evidence had impressed on the judge's mind that defendant was guilty and should be convicted, and comes within the prohibition of G.S. 1-180. *S. v. Benton*, 226 N.C. 745, 40 S.E. 2d 617; *S. v. Rhinehart*, 209 N.C. 150, 183 S.E. 388. For error in the charge defendant is entitled to a

New trial.