## STATE v. TOMMY TESSNEAR.

(Filed 22 September, 1965.)

**1. Intoxicating Liquor § 13a—**

In this prosecution for possession of nontaxpaid whiskey and for possession thereof for the purpose of sale, the State's evidence *held* sufficient to overrule defendant's motions of nonsuit.

**2. Criminal Law § 101—**

*Prima facie* evidence justifies but does not compel a finding of the ultimate fact to be proved, and in a criminal case such evidence coupled with other evidence must establish defendant's guilt beyond a reasonable doubt.

**3. Intoxicating Liquor § 10—**

G.S. 18-11 authorizes but does not compel a jury to infer that the possessor of nontaxpaid whiskey possessed the whiskey for the purpose of sale.

**4. Intoxicating Liquor § 15; Criminal Law § 108—**

In a prosecution for possession and possession for the purpose of sale of intoxicating liquor, an instruction that possession of any quantity of nontaxpaid whiskey "raises a deep presumption" that the possession was for the purpose of sale *held* prejudicial error as an expression of opinion in violation of G.S. 1-180.

**5. Criminal Law § 80—**

Where defendant does not testify or offer evidence of his good character, the State is precluded from showing his bad character for any purpose.

**6. Same; Intoxicating Liquor § 12—**

In a prosecution for possession and possession for the purpose of sale of intoxicating liquor, evidence that defendant's house had the reputation of having whiskey for sale is incompetent as hearsay.

**7. Searches and Seizures § 2—**

It is not required that the officer using a search warrant be the one who made the affidavit.

APPEAL by defendant from *Clarkson, J.,* March 1965 Session of RUTHERFORD.

Defendant was first tried in the Recorder's Court of Rutherford County upon a warrant which charged him (1) with the possession of nontaxpaid whiskey in violation of G.S. 18-48, and (2) with the possession of nontaxpaid liquor for the purpose of sale in violation of G.S. 18-50. From conviction and judgment in the Recorder's Court defendant appealed to the Superior Court where he was tried *de novo.* The State's evidence tends to show:

About 2:30 p.m. on December 24, 1964, the Sheriff of Rutherford County and three of his deputies went to defendant's home with a search warrant. Defendant was not there when they arrived but appeared in about ten minutes. When the sheriff told Mrs. Tessnear that

he had a search warrant she slammed the door and ran toward the sink. He knocked the door open and from the kitchen sink retrieved two plastic containers. One contained half a gallon of nontaxpaid whiskey; the other, a quart. "Shot glasses" were in a cabinet over the sink. Six or eight people were sitting around the kitchen table drinking. Around the home the officers found sacks and boxes containing 50-60 liquor bottles. There were also numerous jars and plastic jugs. In a bedroom the officers found "a lady standing up against the dresser trying to hide three pints of taxpaid whiskey." From time to time during the preceding summer the officers had watched defendant's premises. They had observed much traffic in and out of the house, and had seen and "picked up" numerous drunks who had come from there. Taxis brought people who went in without packages and came out in 5-8 minutes carrying paper bags.

Over defendant's objection, each of the State's witnesses testified that for at least six years defendant's house had had the reputation "of having whiskey for sale." The admission of this evidence is the basis of defendant's assignment of error No. 2. Defendant himself did not testify. His wife's sister-in-law, one of the women present when the officers searched defendant's premises, testified in his behalf that the nontaxpaid whiskey they found in the sink belonged to her; that she had just taken it from her husband at a turkey shoot and had brought it into the house only five minutes before the sheriff arrived.

In his charge the judge told the jury that the possession of any quantity of nontaxpaid whiskey is unlawful and "raises a deep presumption that it was had for the purpose of sale." Defendant assigns the quoted portion as error.

The jury returned a verdict of "guilty to both charges." From a judgment of imprisonment, defendant appeals.

*T. W. Bruton, Attorney General, Charles W. Barbee, Jr., Assistant Attorney General for the State.*

*J. Nat Hamrick for defendant appellant.*

SHARP, J.  The State's evidence was sufficient to overrule defendant's motions of nonsuit. *State v. Ryals,* 244 N.C. 75, 92 S.E. 2d 443; *State v. Harrison,* 239 N.C. 659, 80 S.E. 2d 481; *State v. Avery,* 236 N.C. 276, 72 S.E. 2d 670. He is, however, entitled to a new trial for the error he assigns in the charge. The possession of any quantity of nontaxpaid liquor is, without exception, unlawful and, under G.S. 18-11, such possession is *prima facie* evidence that such liquor is kept for the purpose of being sold. *State v. Guffey,* 252 N.C. 60, 112 S.E. 2d 734; *State v. Hill,* 236 N.C. 704, 73 S.E. 2d 894. *Prima facie* evidence is

evidence sufficient to justify, but not to compel, a finding of the ultimate fact to be proved. *Finance Co. v. O'Daniel*, 237 N.C. 286, 74 S.E. 2d 717. It must be weighed by the jury like any other evidence and considered along with all the other evidence in the case before the jury reaches its verdict. "In criminal cases this evidence, coupled with other evidence, must establish defendant's guilt beyond a reasonable doubt. Defendant is entitled to have the jury scrutinize this evidence as it does all of the other evidence with a presumption of innocence in his favor." *State v. Bryant*, 245 N.C. 645, 648, 97 S.E. 2d 264, 267; Stansbury, North Carolina Evidence § 203 (2d Ed. 1963).

From the mere possession of nontaxpaid whiskey G.S. 18-11 authorizes, but does not compel, the jury to infer that the possessor intended to sell the whiskey. The statute raises a permissible inference. Stansbury, *op. cit. supra*, § 215. In characterizing it "a deep presumption" the trial judge expressed an opinion as to the strength of the evidence. Such an expression is prohibited by G.S. 1-180. *State v. Anderson*, 263 N.C. 124, 139 S.E. 2d 6. In *State v. Benton*, 226 N.C. 745, 40 S.E. 2d 617, defendant was granted a new trial because the trial judge told the jury, when it reported it could not reach a verdict, that the evidence was "rather clear" and the jury should agree if possible. In *Bonner v. Hodges*, 111 N.C. 66, 15 S.E. 881, the judge charged the jury that a circumstance shown in the evidence was "a strong badge of fraud." In granting a new trial, Avery, J., speaking for the Court, said, "(U)nder our statute it is only where the law gives to testimony an artificial weight that the judge is at liberty to mention the sufficiency of proof at all in delivering his instructions to the jury." *Id.* at 68, 15 S.E. at 882. *Accord, Earnhardt v. Clement*, 137 N.C. 91, 49 S.E. 49.

Under the circumstances here, the admission of evidence tending to show the general reputation of defendant's premises was also error. Defendant was not charged with maintaining a nuisance, G.S. 19-1. Therefore, G.S. 19-3, which makes evidence of the general reputation of the place admissible for the purpose of proving the nuisance is not applicable. Since defendant neither testified as a witness nor offered evidence of his good character, the State was precluded from showing his bad character for any purpose whatever. *State v. McLamb*, 235 N.C. 251, 69 S.E. 2d 537; *State v. Nance*, 195 N.C. 47, 141 S.E. 468; Stansbury, *op. cit. supra*, §§ 104, 108. *A fortiori*, evidence as to the bad reputation of defendant's premises was inadmissible here.

In *State v. Springs*, 184 N.C. 768, 114 S.E. 851, defendant was charged with the unlawful possession of spirituous liquors for the purpose of sale. At the trial he testified in his own behalf and also offered evidence tending to show his good character. Over objection, the State was allowed to offer testimony which "was received as substantive evi-

dence, that Springs' place had a bad reputation for whiskey selling." *Id.* at 769, 114 S.E. at 852. On appeal, defendant was awarded a new trial because he had, "in effect, been erroneously convicted by means of hearsay evidence. . . ." *Id.* at 772, 114 S.E. at 853. The Court said that in the prosecution of offenses against the prohibition laws "evidence of general reputation of the place where the specific offense is alleged to have been committed [is inadmissible], unless . . . it has been made competent by some valid statute. . . ." *Id.* at 771, 114 S.E. at 852. It specifically disapproved *State v. McNeill,* 182 N.C. 855, 109 S.E. 84, in which such evidence had been admitted for the purpose of corroborating the State's evidence that the sheriff had found liquor on defendant's premises.

In *State v. Turpin,* 203 N.C. 11, 164 S.E. 926, a character witness for defendant testified that the reputation of her filling station "has been liquor." Stacy, C. J., said: "The evidence respecting the reputation of defendant's garage for selling liquor was hearsay and should have been excluded." *Id.* at 12, 164 S.E. at 926. In Annot., 68 A.L.R. 2d 1300, 1302, North Carolina is included among those jurisdictions which hold "that evidence of the general reputation of defendant's premises is inadmissible in prosecutions for liquor law violations involving a charge of unlawful sale or possession of intoxicants at particular premises."

Defendant's contention that the search of his premises was illegal because the officer conducting the search did not make the affidavit upon which the warrant was issued is untenable. *State v. Shermer,* 216 N.C. 719, 6 S.E. 2d 529.

For the errors designated, however, it is ordered that there be a

New trial.