STATE OF NORTH CAROLINA v. EARLIE OWENBY

No. 7025SC650

(Filed 16 December 1970)

1. **Automobiles § 126; Criminal Law §§ 34, 85— second offense of drunken driving — evidence of prior conviction — admissibility**

    Evidence that the defendant had been previously convicted of drunken driving was admissible in a prosecution charging defendant with a second offense of drunken driving, even though the defendant neither testified as a witness nor offered evidence of good character.

2. **Automobiles §§ 125, 127, 130— second offense of drunken driving — allegations and proof of prior offense**

    For a defendant to be subjected to the infliction of the heavier punishment for a second offense of drunken driving, it is necessary that a prior conviction, and the time and place thereof, be alleged in the warrant and proved by the State. G.S. 20-179.

APPEAL by defendant from *McLean, J.,* 30 July 1970 Session of CATAWBA County Superior Court.

Defendant was tried and convicted at the 30 July 1970 Session of Catawba County Superior Court upon a warrant charging him with a second offense of operating a motor vehicle upon the public highways while under the influence of intoxicating liquor. The warrant charged and the evidence tended to show that defendant was convicted of a first offense in Lexington Recorder's Court on 28 February 1968. From judgment imposed pursuant to G.S. 20-179 defendant appealed.

*Attorney General Morgan by Assistant Attorney General Rich for the State.*

*Douglas F. Powell for defendant appellant.*

State v. Owenby

GRAHAM, Judge.

[1, 2]   Defendant did not testify or offer evidence. He now contends that since he did not voluntarily place his character in issue by testifying, it was error for the court to permit the State to introduce evidence of his prior conviction and to permit the solicitor to read to the jury the warrant which alleged the prior conviction. In support of his contention, defendant cites the elementary proposition that where a defendant neither testifies as a witness nor offers evidence of good character, the State may not show his bad character for any purpose whatever. *State v. Tessnear,* 265 N.C. 319, 144 S.E. 2d 43; *State v. McLamb,* 235 N.C. 251, 69 S.E. 2d 537; *State v. Nance,* 195 N.C. 47, 141 S.E. 468. However, the evidence complained of here was admitted, not to show defendant's bad character, but for the purpose of establishing an essential fact which the State had the burden of proving beyond a reasonable doubt. For a defendant to be subjected under G.S. 20-179 to the infliction of the heavier punishment for a second offense of driving while under the influence of intoxicating liquor, it is necessary that a prior conviction, and the time and place thereof, be alleged in the warrant and proved by the State. *State v. White,* 246 N.C. 587, 99 S.E. 2d 772; *Harrell v. Scheidt, Comr. of Motor Vehicles,* 243 N.C. 735, 92 S.E. 2d 182; *State v. Cole,* 241 N.C. 576, 86 S.E. 2d 203. Whether there was in fact a prior conviction is a question for the jury and not the court. *State v. Cole, supra.*

We hold that it was entirely proper for the court to read the charge alleged in the warrant to the jury and to permit evidence tending to prove an essential element of that charge.

No error.

Chief Judge MALLARD and Judge PARKER concur.