State v. Williams

STATE OF NORTH CAROLINA v. JIMMIE LEE WILLIAMS

No. 743SC230

(Filed 6 March 1974)

1. **Criminal Law § 138— several charges — single judgment — severity of sentence**

   In cases in which there is a verdict or plea of guilty to charges set forth in separate warrants or bills of indictment, and the court imposes a single judgment, a consolidation for the purpose of judgment will be presumed, and punishment may not exceed that permitted on a single charge.

2. **Bills and Notes § 22; Criminal Law § 138— issuing worthless checks — consolidation of cases for judgment — severity of sentence**

   Where none of the seven warrants charging defendant with issuing and delivering worthless checks in amounts less than $50 charged that the offense was a fourth or subsequent offense, the maximum punishment authorized for each charge was a fine not exceeding $50 or imprisonment for not more than 30 days; and when the court consolidated three of the cases for purpose of judgment and the other four cases for purpose of judgment, it was error for the court to impose punishment greater than that permitted in an individual case.

ON *certiorari* to review judgments of *Cowper, Judge,* entered at the 13 August 1973 Session of Superior Court held in PITT County (Certiorari allowed 18 December 1973).

In seven separate warrants, defendant was charged with issuing and delivering worthless checks in amounts ranging from $13.82 to $50.00. One of the offenses allegedly occurred on 30 August 1971 and the others on various dates in January and February of 1973. In district court, defendant pled guilty to all the charges and from judgments entered, he appealed to superior court.

When the cases were called for trial in superior court, defendant again pled guilty to all seven charges. After determining that the pleas were made freely, understandingly and voluntarily, without undue influence, compulsion or duress, and without promise of leniency, the court accepted the pleas. The court consolidated three of the cases for purpose of judgment and, as to them, entered judgment imposing prison sentence of six months, to begin at the expiration of sentence invoked in another case on 19 April 1973. The court consolidated the other four cases for purpose of judgment, and, as to those,

entered judgment imposing prison sentence of six months, to begin at expiration of sentence imposed in the three consolidated cases. Within ten days thereafter, defendant gave notice of appeal and, because of his indigency, requested appointment of counsel.

The appeal was not perfected within the time provided by the rules and this court allowed certiorari.

*Attorney General Robert Morgan, by Associate Attorney Jerry J. Rutledge, for the State.*

*Willis A. Talton for defendant appellant.*

BRITT, Judge.

Defendant's assignments of error to the judgments imposed have merit and are sustained.

G.S. 14-107 provides in pertinent part as follows:

"Worthless checks.—It shall be unlawful for any person, firm or corporation, to draw, make, utter or issue and deliver to another, any check or draft on any bank or depository, for the payment of money or its equivalent, knowing at the time of the making, drawing, uttering, issuing and delivering such check or draft as aforesaid, that the maker or drawer thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same upon presentation.

\*    \*    \*

"Any person, firm or corporation violating any provision of this section shall be guilty of a misdemeanor and upon conviction shall be punished as follows:

(1) If the amount of such check or draft is not over fifty dollars ($50.00), the punishment shall be by a fine not to exceed fifty dollars ($50.00) or imprisonment for not more than 30 days. Provided, however, if such person has been convicted three times of violating G.S. 14-107, he shall on the fourth and all subsequent convictions be punished in the discretion of the district or superior court as for a general misdemeanor."

[1] In *State v. McCrowe,* 272 N.C. 523, 524, 158 S.E. 2d 337, 339 (1967), the Supreme Court held: "In cases in which there

is a verdict or plea of guilty to more than one count in a warrant or bill of indictment, and the Court imposes a single judgment (sentence, or fine, or both) a consolidation for the purpose of judgment will be presumed. *The punishment may not exceed that permitted on the major count."* (Emphasis added.) We hold that the same rule applies to charges set forth in separate warrants or bills of indictment.

The question then arises as to the maximum punishment permitted on either of the warrants before the court in this case. No warrant alleged the amount of the check as being greater than $50.00, therefore, the maximum punishment permitted in each case is a fine of $50.00 or imprisonment for 30 days *unless* the proviso relating to a fourth or subsquent conviction is applicable.

In *State v. Miller,* 237 N.C. 427, 429, 75 S.E. 2d 242, 243 (1953), in an opinion by Justice Ervin, the court said: "Where a statute prescribes a higher penalty in case of repeated convictions for similar offenses, an indictment for a subsequent offense must allege facts showing that the offense charged is a second or subsequent crime within the contemplation of the statute in order to subject the accused to the higher penalty. (Citations.)" See also *Harrell v. Scheidt, Comr. of Motor Vehicles,* 243 N.C. 735, 92 S.E. 2d 182 (1956).

In *State v. Owenby,* 10 N.C. App. 170, 171, 177 S.E. 2d 749, 749 (1970), this court said:

> "For a defendant to be subjected under G.S. 20-179 to the infliction of the heavier punishment for a second offense of driving while under the influence of intoxicating liquor, it is necessary that a prior conviction, and the time and place thereof, be alleged in the warrant and proved by the State. *State v. White,* 246 N.C. 587, 99 S.E. 2d 772; *Harrell v. Scheidt, Comr. of Motor Vehicles* [supra]; *State v. Cole,* 241 N.C. 576, 86 S.E. 2d 203. Whether there was in fact a prior conviction is a question for the jury and not the court. *State v. Cole, supra."*

[2] Neither of the warrants in the case at bar alleged that the offense charged was a fourth or subsequent offense, therefore, the maximum punishment authorized in either of the cases is a fine not exceeding $50.00 or imprisonment for not more than 30 days. In a consolidation of two or more of the cases for purpose of judgment, the court was not authorized to im-

pose punishment greater than that permitted in an individual case.

For the reasons stated, the judgments, together with the orders consolidating the cases for purpose of judgments, are vacated and this cause is remanded to the superior court for entry of proper judgments. On remand, the court may enter judgments in the respective cases, or it may consolidate any or all of the cases for purpose of judgment, as it deems advisable.

Error and remanded.

Judges PARKER and VAUGHN concur.