State v. Slade

---

STATE OF NORTH CAROLINA v. WILLIAM CONNIE SLADE

No. 8415SC201

(Filed 6 November 1984)

**Criminal Law § 85— evidence of defendant's bad reputation—State's cross-examination of defense witness—improper**

In a prosecution for second degree murder, the trial court erred by admitting evidence that defendant had a reputation for shooting people elicited by the State on cross-examination of a defense witness when defendant had neither testified nor offered evidence of his good character.

APPEAL by defendant from *Preston, Judge*. Judgment entered 27 April 1983 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 18 October 1984.

Defendant was charged in a true bill of indictment with second degree murder. From the jury's verdict of guilty of voluntary manslaughter, defendant appeals.

*Attorney General Rufus L. Edmisten, by Associate Attorney General David R. Minges for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen for defendant appellant.*

HILL, Judge.

The facts necessary for a resolution of the issues on appeal are briefly stated as follows: On 1 March 1983, Willie Patrick arrived at Mildred Warren's house with a fifth of vodka. Shortly thereafter an argument ensued between Willie Patrick and defendant. Defendant pulled a pistol out of his pocket and fired a shot over Willie Patrick's head. The argument continued and approximately five minutes later defendant shot and killed Willie Patrick. Defendant offered evidence tending to show self-defense.

Defendant first asserts that the trial court erred by admitting evidence tending to show the general reputation of defendant to shoot people when defendant had offered no evidence of good character. The following colloquy on cross-examination between the prosecutor and a witness for defendant elicited the reputation evidence in question:

Q. You've been knowing Connie for about how long?

A. Five years.

Q. You're familiar with his reputation, aren't you?

A. Yes.

Q. What is his reputation?

    MR. SMITH: Objection.

    COURT: Overruled. You may answer it.

Q. What is his reputation?

    COURT: What it would be . . .

A. What you mean by reputation?

Q. What do you know about Connie Slade in the community?

A. I know—well, everybody know Connie'll shoot you, true, yeah.

Q. Do what?

A. I said yes, people know he'll shoot you, yeah.

Q. You've got to talk slower . . . and explain to the jury what you're saying.

A. I said, "Yes, people know Connie'll shoot you, yeah."

Q. People know Connie will shoot you?

A. Yeah.

Q. Is that what you're saying?

A. Yeah.

When a criminal defendant offers testimony concerning his good character, the State is free to offer evidence of his bad character in rebuttal. *State v. Nance*, 195 N.C. 47, 141 S.E. 468 (1928). However, until such evidence is offered, the State may not offer evidence of defendant's bad character. *State v. Tessnear*, 265 N.C. 319, 144 S.E. 2d 43 (1965); *State v. Rinaldi*, 264 N.C. 701, 142 S.E. 2d 604 (1965). Since defendant had not testified as a witness nor offered evidence of his good character, the State was precluded from showing his bad character for any purpose whatsoever. See *State v. Tessnear, supra*; see also *State v. Nance, supra*.

Under the circumstances here, the admission of evidence tending to show the general reputation of defendant to shoot people was prejudicial error. Defendant's theory at trial of entitlement to use force to repel the threatened assault by Willie Patrick placed the question of reasonable force under the circumstances before the jury. In addition, defendant should not be placed in a situation in which he feels compelled to testify in order to rebut the prosecution's premature reputation evidence. Evidence as to defendant's bad reputation was inadmissible and prejudicial, warranting a new trial.

In view of our decision that defendant is entitled to a new trial, it is neither necessary nor advisable to discuss defendant's other assignments of error. The asserted errors may not arise in the next trial.

New trial.

Judges ARNOLD and WELLS concur.