State v. Carter

---

---

STATE OF NORTH CAROLINA v. ROBERT CARTER

No. 7525SC1022

(Filed 7 July 1976)

1. **Constitutional Law §§ 20, 30; Criminal Law § 22— arraignment — reading indictment before jury — no denial of equal protection or due process**

   The purpose of an arraignment is to advise defendant of the crime with which he is charged, and the solicitor must read the charges or fairly summarize them to defendant. The fact that this is done before the jury is not a violation of defendant's right to due process and equal protection as required by the N. C. and U. S. Constitutions. G.S. 15A-941.

2. **Criminal Law § 114; Homicide § 23— reading of indictment to jury by trial court — no prejudice**

   Prejudicial error did not result from the trial court's reading the indictment to the jury and advising the jury that the State had elected not to place defendant on trial for murder in the first degree but would place him on trial for murder in the second degree or for such other offense as the evidence might warrant.

3. **Homicide § 24— presumptions of malice and unlawfulness — self-defense — burden of proof — instructions proper**

   In a prosecution for second degree murder, the trial court's instructions concerning the legal presumptions of an unlawful and

malicious killing and concerning self-defense were proper; moreover, the court properly placed the burden of proof upon the State with respect to the elements of manslaughter, self-defense, and heat of passion upon adequate provocation.

APPEAL by defendant from *Ervin, Judge.* Judgment entered 7 August 1975 in Superior Court, BURKE County. Heard in the Court of Appeals 6 April 1976.

Defendant, indicted for murder, was tried for and convicted of murder in the second degree. From judgment sentencing him to a term of imprisonment, defendant appealed.

Other facts necessary for decision are set out in the opinion.

*Attorney General Edmisten, by Associate Attorneys Jo Anne Routh and Daniel C. Oakley, for the State.*

*Mitchell, Teele & Blackwell, by H. Dockery Teele, Jr., for defendant appellant.*

MORRIS, Judge.

[1, 2]  Defendant first argues that reversible error was committed when the defendant was arraigned immediately before trial and the bill of indictment read before the jury and that this error was compounded when the court later read the indictment to the jury at the beginning of his charge. Defendant calls attention to G.S. 15A-943 [effective 1 July 1975 and its procedures required only in counties in which there are regularly scheduled 20 or more weeks of criminal sessions of court], which provides that "the solicitor must calendar arraignments in the superior court on at least the first day of every other week in which criminal cases are heard. No cases in which the presence of a jury is required may be calendared for the day or portion of a day during which arraignments are calendared." Defendant argues that one of the purposes of this statute is to prevent the possibility of prejudicing the defendant's case by reading the indictment in the presence of the jury before whom the defendant is to be tried. This argument is completely groundless. The official commentary preceding Article 51, *Arraignment,* is specific with respect to the purposes of the article:

> "It is the purpose of this Article not only to define arraignment in any court but also to provide for a separate time of arraignment in superior court. Time for jurors and

> witnesses will be saved if matters not requiring their presence can be disposed of before they are brought in. The Commission feels that it is important to our system of justice that unnecessary impositions on the time of citizens be avoided. Thus, in the more populous counties here defined as those having as much as 20 weeks of criminal court (and others which the Chief Justice may designate), a separate time for arraignment will be required. In other counties it is authorized on an optional basis.

> The Commission is under no illusion that this will cure problems of delay, or that it will end the practice of waiting until a jury is ready before entering a guilty plea, but it does set a pattern within which improvement is possible."

G.S. 15A-941 defines arraignment as "bringing a defendant in open court before a judge having jurisdiction to try the offense, advising him of the charges pending against him, and directing him to plead." It is obvious that the purpose of an arraignment is to advise the defendant of the crime with which he is charged. G.S. 15A-941 further provides that "[t]he solicitor *must* read the charges or fairly summarize them to the defendant." (Emphasis supplied.) The fact that this is done before the jury is not, as defendant contends, a violation of defendant's right to due process and equal protection as required by the Constitution of the State of North Carolina and the United States. Nor is there any merit to defendant's contention that prejudicial error resulted from the court's reading the indictment to the jury and advising the jury that the State had elected not to place the defendant on trial for murder in the first degree but would place him on trial for murder in the second degree or for such other offense as the evidence may warrant. This assignment of error is wholly without merit.

Defendant next assigns as error the court's sustaining the State's objections to a question asked defendant by his counsel as to whether he had "any knowledge of any prior incidents of Ralph Caldwell attempting to do harm to somebody," and questions of similar import. Defendant did not request that the evidence be admitted for the limited purpose of establishing the state of mind of defendant nor did he ask that the answers be placed in the record. Nevertheless, immediately thereafter he was asked: "Do you know the deceased's, Ralph Caldwell's, reputation as a dangerous and violent fighting man?" He re-

sponded "Yes"; whereupon he was asked "What was it?" His totally unresponsive answer was "Well, to my knowledge he had shot a couple and cut some." Although an objection was sustained at that point, the answer was before the jury, and he continued, "It was pretty bad as far as I knew." Obviously, defendant suffered no prejudice.

[3] Defendant's remaining assignments of error are to the charge of the court. For the most part, the defendant has selected isolated portions of the charge to which he assigns as error the court's failure to state clearly that the legal presumptions of an unlawful and malicious killing are inapplicable if the defendant acted in the heat of passion and upon adequate provocation or in self-defense. However, when this aspect of the charge is read contextually, it is clear that the court, with clarity and without confusion, instructed the jury that they were "not [to] rely upon the presumption of malice or otherwise find that malice existed unless you first find beyond a reasonable doubt that the defendant is not entitled to have the crime reduced to voluntary manslaughter or manslaughter," and further that they could not return a verdict of guilty of second-degree murder unless they first found "beyond a reasonable doubt that defendant did not act in self-defense." These instructions followed the court's having told the jury that the presumptions would be raised "if no other evidence is presented" and were preceded by the court's stating the defendant's contention that "there is evidence in this case that he acted in the heat of passion upon adequate provocation." Also, after he gave the elements of manslaughter and preceding the instruction above noted, the court stated the defendant's contention that "there is evidence in this case that he acted in self-defense." When the charge is read contextually, as we are required to do, *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971), we think this aspect of the charge complies with the principles enunciated in *Mullaney v. Wilbur,* 421 U.S. 684 (1975); *State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575 (1975); and *State v. Williams,* 288 N.C. 680, 220 S.E. 2d 558 (1975).

Defendant also contends that the court erred in failing properly to place the burden of proof upon the State with respect to the elements of manslaughter, self-defense, heat of passion upon adequate provocation. Again defendant chooses only isolated portions of the charge.

"A disconnected portion may not be detached from the context of the charge and then critically examined for an interpretation from which erroneous expressions may be inferred." *State v. Bailey*, 280 N.C. 264, 268, 185 S.E. 2d 683 (1972); cert. denied 409 U.S. 948.

When it is read contextually, the charge clearly and repeatedly places the burden of proof upon the State to prove all the elements of manslaughter, substantially requires the State to disprove that the killing was done in the heat of passion upon adequate provocation, and repeatedly requires a verdict of not guilty "unless the State has satisfied you beyond a reasonable doubt that the killing was not excused by the rule of self-defense."

The court's final mandate to the jury was as follows:

" . . . in your deliberations and this is my final summary to you with reference to the charge of murder in the second degree, if you find from the evidence and beyond a reasonable doubt, the burden being on the State to so satisfy you that on October 14, of 1974, the defendant, Robert Carter, intentionally and with malice and without just cause or excuse shot Ralph Junior Caldwell, with a .25 caliber pistol, specifically the pistol introduced into evidence as State Exhibit 6, that the pistol which he shot Ralph Caldwell, if you find that it was a deadly weapon and that he thereby caused Ralph Caldwell's death, nothing else appearing, it would be your duty to return a verdict of guilty of second degree murder. However, if you do not so find or if you have a reasonable doubt as to one or more of those things, then you will not return a verdict of guilty of second degree murder.

If you do not find the defendant guilty of second degree murder, you must consider whether he is guilty of manslaughter. With reference to manslaughter, if you find, from the evidence and beyond a reasonable doubt, that on or about October 14, 1974, the defendant, Robert Carter, intentionally shot Ralph Caldwell with the .25 caliber pistol offered into evidence as State Exhibit six, that State Exhibit six is a deadly weapon, and that he thereby caused . . . proximately caused the death of Ralph Junior Caldwell, and you find or the State has failed to satisfy you to the contrary and beyond a reasonable doubt that the defendant

killed without malice, in the heat of passion, nothing else appearing or he being the aggressor without a murderous intent in bringing on the dispute with Ralph Caldwell or using excessive force in exercising his right of self-defense, then it would be your duty to return a verdict of guilty of manslaughter. However, if you do not find or if you have a reasonable doubt as to one or more of those things, then it would be your duty to return a verdict of not guilty.

In all events, you must return a verdict of not guilty unless the State has satisfied you beyond a reasonable doubt that the killing was not excused by the rule of self-defense . . . . "

This mandate indicated the requisite elements of the offenses charged, pointed out those circumstances requiring reduction of the crime from murder to manslaughter and further indicated that self-defense would excuse the defendant from all culpability. Defendant cannot complain over the trial court's handling of the difficult legal questions presented and his position is simply without merit. See: *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975); *State v. Williams*, 288 N.C. 680, 220 S.E. 2d 558 (1975); Cf: *State v. Dooley*, 285 N.C. 158, 203 S.E. 2d 815 (1974).

We have reviewed all other assignments of error and find them to be without merit.

No error.

Judges HEDRICK and ARNOLD concur.