STATE OF NORTH CAROLINA v. CHRISTOPHER WADE CARROLL

No. 378A83

(Filed 6 December 1983)

**1. Criminal Law § 66.16— in-court identification of defendant properly admitted**

There was clear, competent and convincing evidence to support the trial court's conclusion that the prosecuting witness's identification of defendant was based on her observation of him at the time of the incident where the witness had seen the defendant from a distance several times before the attack; she was able to observe the defendant from a distance of about ten inches for several seconds; she gave the police a description of his weight, height, hairstyle and clothes; and she got a good look at him while he was standing on her porch prior to his forcing his way into the victim's apartment.

2. **Criminal Law § 66.14— in-court identification as curing improper pretrial identification**

    Where a trial court's conclusion that a victim's in-court identification was of independent origin was properly supported by the findings of fact, the victim's identification testimony was admissible notwithstanding alleged defects or irregularities in a pretrial photographic identification procedure.

APPEAL by defendant from a decision of the Court of Appeals, 62 N.C. App. 623, 303 S.E. 2d 556 (1983), one judge dissenting, affirming defendant's conviction of first degree burglary and attempted second degree rape, judgment entered by *Friday, J.*, at the 8 March 1982 Criminal Session of Superior Court, BUN-COMBE County.

The testimony at trial disclosed the following pertinent facts: On 6 November 1981, the victim, Lisa Felmet, was leaving her apartment for work. It was about 5:30 a.m. and thus still dark outside. She turned off the lights in her living room. Upon opening the front door, she encountered a man standing on her front porch. His hand was covering the lower part of his face "as if he was to hide a mustache." The man forced his way into Ms. Felmet's apartment and pushed her to the floor. The door remained partially open. As they struggled, he placed one hand on her private parts and tried to unbutton her blouse with the other hand. Ms. Felmet screamed for help throughout the assault. After a brief struggle, about ten seconds, the man ceased his attack and ran from the apartment. The only light in the room was that which shone through the doorway from the porch light. The victim immediately reported the incident to the Asheville Police Department and they responded promptly.

Later that day the victim viewed a photographic line-up, consisting of six photographs. All the individuals in this line-up were represented by two pictures, except the defendant who was shown in only one picture, a side view. Ms. Felmet picked the defendant's picture out of this line-up and told the police she thought he was the assailant. However, because the police only had a side view photograph, the victim asked to see a front view picture of him in order to be certain of the identification. A front view picture of the defendant was subsequently taken and included in a second photographic line-up shown to Ms. Felmet on 11 November 1981.

Following the second identification, defendant was arrested and charged with first degree burglary and attempted rape. He subsequently was convicted by a jury of both offenses and the court imposed an active prison sentence of fifteen years for the burglary and a concurrent three years for the attempted rape, from which the defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Arthur E. Jacobson; and Joel B. Stevenson, for the defendant.*

COPELAND, Justice.

Defendant contends that the trial court erred in admitting the in-court identification of defendant by the prosecuting witness, Lisa Felmet. Defendant first argues that the circumstances at the time of the assault were such that the victim could not have recognized defendant as the assailant, thus the in-court identification was not of independent origin. Defendant further argues that the photographic line-ups shown to the prosecuting witness were so impermissibly suggestive that it was impossible to have any reasonable assurance that her identification was correct. We believe this assignment of error is without merit and does not entitle the defendant to a new trial.

[1] Defendant first contends that the victim's in-court identification could not reasonably be based upon her observation of him at the time of the crime. In *State v. Thompson,* 303 N.C. 169, 172, 277 S.E. 2d 431, 434 (1981), we stated that:

The factors to be considered in determining whether the in-court identification of defendant is of independent origin include the opportunity of the witness to view the accused at the time of the crime, the witness' degree of attention at the time, the accuracy of his prior description of the accused, the witness' level of certainty in identifying the accused at the time of the confrontation, and the time between the crime and the confrontation.

In the case *sub judice,* Judge Friday found the following facts on *voir dire:* The prosecuting witness had seen the defendant on

other occasions from her window and her front porch, inasmuch as he lived in her apartment complex. She testified that she had often observed him across the lot and that she had viewed him on a motorcycle on earlier occasions and also had seen him but did not know his name. That on the morning in question she had turned off her interior light, but that her porch light was on. She stated that she saw the defendant for a couple of minutes, that he had on a plaid shirt and dark britches, and he had his hand over his mouth; that he rushed in, and for several seconds she was very close, ten inches away from his face. She picked the defendant out of a photographic line-up on the same day as the attack. She asked to see a front view line-up to make sure, and five days later she again picked out the defendant. Judge Friday found that the prosecuting witness's identification of defendant was based on her observation of him at the time of the incident.

Upon careful review of the record we find clear, competent and convincing evidence to support the court's findings. The witness had seen the defendant from a distance several times before the attack, although she did not know his name. She was able to observe the defendant from a distance of about ten inches for several seconds. She gave the police a description of his weight, height, hairstyle and clothes. She got a good look at him while he was standing on the porch. We believe this is ample to support the court's finding that the victim's in-court identification was based upon her observation of him at the time of the crime. *See State v. Chatman*, 308 N.C. 169, 301 S.E. 2d 71 (1983); *State v. Corbett*, 307 N.C. 169, 297 S.E. 2d 553 (1982); *State v. Jackson*, 306 N.C. 642, 295 S.E. 2d 383 (1982).

[2] Defendant contends further that numerous defects and irregularities surrounding the photographic identification procedure rendered that procedure impermissibly suggestive. The law is well-settled that " '(i)dentification evidence must be excluded as violating a defendant's rights to due process where the facts reveal a pretrial identification procedure so impermissibly suggestive that there is a very substantial likelihood of irreparable misidentification.' " *Chatman* at 175-76, 301 S.E. 2d at 75 (citations omitted). It is also well-settled, however, that "an in-court identification is competent, even if improper pretrial identification procedures have taken place, so long as it is determined on *voir dire* that the in-court identification is of independent origin." *Jackson* at 649, 295 S.E. 2d at 388.

In the case *sub judice* we have held that following a *voir dire* to determine the admissibility of the victim's in-court identification, the trial judge found facts, fully supported by the *voir dire* testimony, that the victim had an adequate opportunity to view the defendant at the time of the crime, in reasonable lighting and in close proximity. Based on these findings the trial court concluded that the victim's "identification of the defendant was based on her own observation of the defendant at the time in question. . . ." The court's conclusion, properly supported by the findings of fact, was that the in-court identification was of independent origin. Therefore the identification testimony is admissible notwithstanding alleged defects or irregularities in the procedure.

Defendant received a fair trial free from prejudicial error. The opinion below is affirmed.

Affirmed.