STATE OF NORTH CAROLINA v. ZOLTA ANTOINE HOWIE

No. 311PA83

(Filed 3 April 1984)

1. **Criminal Law § 99.2— questions and comments by court during trial—no expression of opinion**

   In a prosecution for armed robbery of a service station attendant, the trial court did not express an opinion on the evidence during the trial in cautioning a witness to speak more slowly; clarifying the name of the oil company for which the witness worked; determining whether a witness could draw; clarifying the testimony of the witness with respect to the dimensions of the service station; and determining whether statements made by defendant were made in the presence of a codefendant for purposes of hearsay exceptions.

2. **Criminal Law § 86.9— bias of witness—cross-examination about indictment for another crime—exclusion as harmless error**

   Even if cross-examination of a State's witness about his indictment on an unrelated armed robbery charge should have been permitted to show bias or prejudice by the witness, defendant was not prejudiced by the exclusion of such evidence where the jury had been apprised that the witness had been charged in the armed robbery case before the court, and where the possibility that the witness was to receive preferential treatment or concessions in return for his testimony was fully explored.

3. **Constitutional Law § 48— effective assistance of counsel during sentencing**

   There is no merit to defendant's contention that he was denied the effective assistance of counsel during sentencing on the ground that counsel did not make an investigation of defendant's criminal record and other background information where the record shows that defense counsel's representation of defendant at sentencing was fully adequate, and there is nothing in the record to indicate that defense counsel did or did not make a background investigation or that a further search into defendant's background would have uncovered information tending to mitigate his sentence.

APPEAL by defendant from *Davis, J.,* at the 16 March 1981 Criminal Session of Superior Court, CABARRUS County, following defendant's conviction of armed robbery and imposition of a life sentence. Defendant failed to perfect his appeal and this Court granted defendant's petition for certiorari on 7 July 1983. Heard in the Supreme Court 15 March 1984.

Defendant was tried, together with a codefendant, Eddie Wilkes, for the 8 November 1978 armed robbery of Raleigh Winfield Combs, a service station attendant. He contends that the trial judge's "continued comments during and intrusions into the trial" constituted "an improper expression of opinion showing favoritism and assistance to the state thereby depriving him of his right to a fair and impartial trial." He further argues that the trial court erred in limiting cross-examination of a State's witness. Finally he contends that he was denied effective assistance of counsel at sentencing. We find no error.

*Rufus L. Edmisten, Attorney General, by Grayson G. Kelley, Assistant Attorney General, for the State.*

*Steven A. Grossman, Attorney for defendant-appellant.*

MEYER, Justice.

At trial the State's evidence tended to show that on 8 November 1978, the victim, Raleigh Winfield Combs, was working as a service station attendant at what was then the Davis Oil Company in Kannapolis. At approximately 7:30 p.m. a black man wearing a ski mask entered the station and stated, "This is a robbery." He shot Mr. Combs five times, saying as he did so, "You die, you damn yellow son of a bitch." Mr. Combs suffered gunshot wounds to his throat, mouth, and abdomen. Mr. Combs was unable to identify his assailant. In addition to an undetermined amount of money taken from Mr. Combs, $492.00 was taken from the station.

Alfred Jerome Elliot testified that on the evening of 8 November 1978, the defendant came to his home, told Elliot he "had something he wanted to do," and asked to borrow Elliot's .22-caliber pistol. Elliot accompanied the defendant to his car and he, the defendant and codefendant Wilkes drove to within a block of the service station. Defendant parked the car, walked toward the service station, and returned approximately fifteen minutes

later holding Elliot's gun in one hand and money with blood on it in his other hand. The defendant gave Elliot $90.00 and returned the gun to him the next day.

Defendant offered no evidence. Following his conviction for armed robbery, he was sentenced to life imprisonment.

[1] Defendant first contends that the trial judge's comments during the trial constituted an impermissible expression of opinion. The court's questions and comments to which exception has been taken included *inter alia*: cautioning a witness to speak more slowly; clarifying the name of the oil company for which the witness worked; determining whether a witness could draw; clarifying the testimony of the witness with respect to the dimensions of the service station; and determining whether statements made by the defendant were made in the presence of codefendant Wilkes for purposes of hearsay exceptions. Our reading of the record discloses that in every instance the trial judge was acting well within his discretion. *State v. Jackson*, 306 N.C. 642, 295 S.E. 2d 383 (1982).

[2] Defendant next contends that he was denied his right to fully cross-examine and confront State's witness Elliot. In an effort to impeach Elliot on cross-examination, defense counsel attempted to elicit information concerning Elliot's having been charged in the very case before the court and his prior criminal activities. Elliot testified before the jury that he had been charged in the case before the court. Upon being questioned about prior convictions, defendant answered that he had been convicted of two armed robberies. A voir dire disclosed that defendant had not been convicted but had been indicted in one case (in North Carolina) and was under investigation for another robbery in South Carolina. The trial judge excluded evidence of Elliot's indictment for the unrelated robbery and the South Carolina investigation.

It is the State's position that evidence of the witness Elliot's possible involvement in unrelated robberies for which he had not been convicted was properly excluded under the authority of *State v. Williams*, 279 N.C. 663, 672, 185 S.E. 2d 174, 180 (1971). In *Williams* we stated that:

> *for purposes of impeachment*, a witness, including the defendant in a criminal case, may *not* be cross-examined as to

whether he has been *accused,* either informally or by affidavit on which a warrant is issued, of a criminal offense unrelated to the case on trial, nor cross-examined as to whether he has been *arrested for* such unrelated criminal offense.

It is defendant's position that the rule enunciated in *Williams* applies only to character impeachment and that, where the purpose of the cross-examination is impeachment by showing bias or prejudice, a different rule obtains.

Assuming arguendo that defendant's argument has merit, and the indictment on the unrelated robbery charge should have been admitted to show bias, he has failed to show prejudice by the exclusion of that evidence. The jury had been apprised that the witness had been charged in the present armed robbery case. The excluded evidence would have been merely cumulative. The thrust of the attempted cross-examination was to place before the jury the possibility that Elliot was to receive preferential treatment or concessions in the form of a plea on reduced charges in return for his testimony. This aspect of the witness's potential bias was fully explored. He stated unequivocally that he was testifying truthfully and no promises of preferential treatment, including any offer of a plea to a lesser charge, had been made in return for his testimony.

[3] Defendant's final assignment of error concerns an allegation of ineffective assistance of counsel during sentencing. Defense counsel, in his statement prior to sentencing, pointed out that defendant had never been convicted of a serious crime; that his preacher "thought of him as basically a good young man" and was "shocked" to hear of defendant's involvement in this robbery; and that because of defendant's youth, he might yet "develop into a productive member of society in the years to come." Defendant argues that his "trial counsel's statement on behalf of the defendant was the product of little if any preparation and, it is submitted, neglect." This argument is based partially on the fact that at sentencing defense counsel relied, in part, on the State to produce evidence of defendant's prior criminal record. Defendant further argues that a well-prepared trial attorney would certainly have had not only his record of convictions but "some evidence as to his environment, his childhood, his upbringing, his schooling, his

employment, sentencing alternatives, etc." The test for effective representation of counsel, as enunciated in *State v. Weaver*, 306 N.C. 629, 641, 295 S.E. 2d 375, 382 (1982), is "whether counsel's performance was 'within the range of competence demanded of attorneys in criminal cases.'"

We believe that defense counsel's representation of the defendant at sentencing was fully adequate. Defendant has not demonstrated, and there is absolutely nothing in the record to indicate, that defense counsel did or did not make a background investigation or that a further search into defendant's background would have uncovered information tending to mitigate his sentence.

No error.