McCULLOUGH, Judge.
 

 *678
 
 Filemon Oldmedo Silva ("defendant") appeals from a judgment entered upon his convictions for habitual impaired driving and driving while license revoked (DWLR) for an impaired driving revocation. For the following reasons, we find no error.
 

 I.
 
 Background
 

 During the early morning hours of 22 February 2015, defendant was arrested for driving while impaired (DWI) and DWLR for an impaired driving revocation after a Winston Salem Police Department officer noticed defendant slumped over asleep in the driver's seat of a running automobile. On 20 April 2015, a Forsyth County Grand Jury indicted defendant on one count of habitual impaired driving and one count of DWLR for an impaired driving revocation. The charges came on for trial in Forsyth County Superior Court on 21 September 2015 before the Honorable Stanley L. Allen. At the conclusion of the trial, the jury returned verdicts finding defendant guilty of both habitual impaired
 
 *679
 
 driving and DWLR for an impaired driving revocation. The offenses were consolidate for entry of judgment and judgment was entered on 22 September 2015 sentencing defendant to a term of 15 to 27 months imprisonment. Defendant appeals.
 

 II.
 
 Discussion
 

 On appeal, defendant contends the trial court erred by failing to personally address and arraign him regarding the prior DWI convictions serving as the basis of the habitual impaired driving charge and the prior impaired driving revocation serving as the basis of the DWLR for an impaired driving revocation charge. Defendant contends the alleged errors were in violation of N.C. Gen. Stat. §§ 15A-928, -941, and -1022, and the Fourteenth Amendment to the United States Constitution.
 

 N.C. Gen. Stat. § 15A-941 provides that, generally, "[a] defendant will be arraigned ... only if the defendant files a written request with the clerk of superior court for an arraignment not later than 21 days after service of the bill of indictment." N.C. Gen. Stat. § 15A-941(d) (2015). That statute further provides that "[a]rraignment consists of bringing a defendant in open court ... before a judge having jurisdiction to try the offense, advising him of the charges pending against him, and directing him to plead." N.C. Gen. Stat. § 15A-941(a). This Court has long recognized that "the purpose of an arraignment is to advise the defendant of the crime with which he is charged[,]"
 
 State v. Carter
 
 ,
 
 30 N.C.App. 59
 
 , 61,
 
 226 S.E.2d 179
 
 , 180 (1976), but "[t]he failure to conduct a formal arraignment itself is not reversible error ... and the failure to do so is not prejudicial error unless defendant objects and states that he is not properly informed of the charges[,]"
 
 State v. Brunson
 
 ,
 
 120 N.C.App. 571
 
 , 578,
 
 463 S.E.2d 417
 
 , 421 (1995).
 

 Yet, the statute primarily at issue in this case, N.C. Gen. Stat. § 15A-928, provides special rules for the indictment and arraignment of a defendant "[w]hen the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter[.]" N.C. Gen. Stat. § 15A-928(a) (2015). Pertinent to this case, that statute, entitled "allegation and proof of previous convictions in superior court[,]" provides as follows:
 

 (c) After commencement of the trial and before the close of the State's case, the judge in the absence of the jury must arraign the defendant upon the special indictment or information, and must advise him that he may admit the previous conviction alleged, deny it, or remain silent.
 

 *680
 
 Depending upon the defendant's response, the trial of the case must then proceed as follows:
 

 (1) If the defendant admits the previous conviction, that element of the offense charged in the indictment or information is established, no evidence
 
 *74
 
 in support thereof may be adduced by the State, and the judge must submit the case to the jury without reference thereto and as if the fact of such previous conviction were not an element of the offense. The court may not submit to the jury any lesser included offense which is distinguished from the offense charged solely by the fact that a previous conviction is not an element thereof.
 

 (2) If the defendant denies the previous conviction or remains silent, the State may prove that element of the offense charged before the jury as a part of its case. This section applies only to proof of a prior conviction when it is an element of the crime charged, and does not prohibit the State from introducing proof of prior convictions when otherwise permitted under the rules of evidence.
 

 N.C. Gen. Stat. § 15A-928(c). This Court has explained that
 

 [t]he purpose of [ section 15A-928 ], which is for the benefit of defendants charged with prior convictions, is not to require that the procedures referred to therein be accomplished at a certain time and no other, which would be pointless. Its purpose is to insure that defendants are informed of the prior convictions they are charged with and are given a fair opportunity to either admit or deny them before the State's evidence is concluded; because, as the statute makes plain, if the convictions are denied, the State can then present proof of that element of the offense to the jury, but cannot do so if the prior convictions are admitted.
 

 State v. Ford
 
 ,
 
 71 N.C.App. 452
 
 , 454,
 
 322 S.E.2d 431
 
 , 432 (1984).
 

 As detailed above, in this case, defendant was indicted on one count of habitual impaired driving in file number 15 CRS 51679. That specialized indictment charged DWI in count one and charged three prior DWI convictions within ten years of the current DWI offense in count two,
 
 *681
 
 in accordance with the requirements of N.C. Gen. Stat. § 15A-928(a) and (b).
 
 See
 

 State v. Lobohe
 
 ,
 
 143 N.C.App. 555
 
 , 558,
 
 547 S.E.2d 107
 
 , 109 (2001) (explaining that an indictment that charged DWI in one count and alleged previous DWI convictions in count two followed precisely the format required in N.C. Gen. Stat. § 15A-928 ). In a separate indictment in file number 15 CRS 2755, defendant was indicted on one count of DWLR for an impaired driving revocation.
 

 After defendant's case was called for trial, but before the jury was impaneled, the Assistant District Attorney (ADA) prosecuting the case raised the issue of whether defendant would be stipulating to any prior convictions, explaining that "[defense counsel] made the comment ... that he was going to be stipulating to some items." Therefore, the ADA asked "the Court to do a colloquy with the defendant showing that he has agreed that his ... attorney can admit these-whatever items may be." At that point, defense counsel indicated that he had discussed with the prosecutor stipulating that defendant's
 
 *75
 
 license was revoked for an impaired driving revocation for purposes of the DWLR for an impaired driving revocation charge if the jury finds that defendant did "drive" for purposes of the DWLR charge. The ADA then indicated that she was under the impression that if defendant stipulated to prior DWI convictions for habitual impaired driving, the State would not be able to present any evidence of the prior convictions. The ADA, however, explained that she believed she was not required to accept a stipulation that defendant's license was revoked for an impaired driving revocation and indicated the State would put on evidence of all the elements of DWLR for an impaired driving revocation, unless defendant pleaded guilty to the charge. During the ADA's comments to the court, defense counsel indicated that the ADA was correct that defendant would not stipulate to the prior DWI convictions needed to prove habitual impaired driving. To be exact, when the prior DWI convictions were brought up, defense counsel unequivocally stated, "No. We're not stipulating to the three prior convictions." The case then proceeded to jury selection with both parties in agreement that there were no stipulations as to the prior DWI convictions or that defendant's license was revoked for an impaired driving revocation.
 

 Now on appeal, defendant relies repeatedly on
 
 State v. Jackson
 
 ,
 
 306 N.C. 642
 
 ,
 
 295 S.E.2d 383
 
 (1982), for the assertions that the offense of habitual impaired driving is the type of offense governed by N.C. Gen. Stat. § 15A-928 and that the statute must be strictly followed. Although defendant acknowledges that defense counsel refused to stipulate to defendant's prior DWI convictions, defendant argues the trial court
 
 *682
 
 failed to strictly follow the arraignment requirement of N.C. Gen. Stat. § 15A-928(c) for the habitual impaired driving charge because the trial court did not personally address defendant to obtain a plea. Defendant contends both N.C. Gen. Stat. §§ 15A-928(c) and -941(a) require the court to personally address a defendant and that an admission of prior convictions is the "functional equivalent" of a guilty plea and, therefore, N.C. Gen. Stat. § 15A-1022(a) and the Fourteenth Amendment to the United States Constitution, concerning guilty pleas, require that a defendant be addressed directly. Defendant relies on cases in which defense counsel admitted the defendants' guilt.
 

 In a footnote, defendant further contends the legal principles argued concerning habitual impaired driving apply equally to the related misdemeanor charge of DWLR for an impaired driving revocation.
 

 At the outset, we hold that defendant is correct that habitual impaired driving is precisely the type of offense to which N.C. Gen. Stat. § 15A-928 applies.
 
 See
 

 N.C. Gen. Stat. § 20-138.5
 
 (a) (2015) ("A person commits the offense of habitual impaired driving if he drives while impaired as defined in [N.C. Gen. Stat. §] 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in [N.C. Gen. Stat. §] 20-4.01(24a) within 10 years of the date of this offense."). However, we note that defendant's reliance on
 
 Jackson
 
 is misplaced because the footnote repeatedly quoted by defendant is dicta. In
 
 Jackson
 
 , the Court held that N.C. Gen. Stat. § 15A-928 was not applicable because the defendant's prior conviction of armed robbery did not raise the offense for which the defendant was charged to one of a higher grade.
 
 Jackson,
 

 306 N.C. at 652
 
 ,
 
 295 S.E.2d at 389
 
 . In a footnote, the Court merely provided an example of when N.C. Gen. Stat. § 15A-928 applied and cautioned the bench and bar about the application of the statute "in order to apprise [a] defendant of the offense for which he is charged and to enable him to prepare an effective defense."
 
 Id
 
 . n.2.
 

 Reaching the merits of defendant's arguments, we are not persuaded that the trial court's failure to strictly follow N.C. Gen. Stat. § 15A-928(c) is reversible error in the present case. We find
 
 State v. Jernigan
 
 ,
 
 118 N.C.App. 240
 
 ,
 
 455 S.E.2d 163
 
 (1995), controlling.
 

 In
 
 Jernigan
 
 , a defendant appealed his conviction for habitual impaired driving on the basis that "the trial court did not formally arraign [him] upon the charge alleging the previous convictions and did not advise [him] that he could admit the previous convictions, deny them, or remain silent, as required by [N.C. Gen. Stat. §] 15A-928(c)."
 
 Id
 
 . at 243,
 
 455 S.E.2d at 165
 
 . The defendant contended the trial court's
 
 *683
 
 failure to conduct a formal arraignment constituted reversible error and this Court disagreed. In
 
 Jernigan,
 
 this Court explained as follows:
 

 The purpose of [N.C. Gen. Stat. §] 15A-928 is to insure that the defendant is informed of the previous convictions the State intends to use and is given a fair opportunity to either admit or deny them or remain silent. This purpose is analogous to that of [N.C. Gen. Stat.] § 15A-941, the general arraignment statute. Under that statute, the defendant must be brought before a judge and must have the charges read or summarized to him and must be directed to plead. If the defendant does not plead, he must be tried as if he pled not guilty. The failure to arraign the defendant under [N.C. Gen. Stat. §] 15A-941 is not always reversible error. Where there is no doubt that a defendant is fully aware of the charge against him, or is in no way prejudiced by the omission of a formal arraignment, it is not reversible error for the trial court to fail to conduct a formal arraignment proceeding.
 

 *76
 

 Id
 
 . at 244,
 
 455 S.E.2d at 166
 
 (internal citations and quotation marks omitted). This Court then held that "there [was] no doubt that [the] defendant was fully aware of the charges against him and was in no way prejudiced by the omission of the arraignment required by [N.C. Gen. Stat. §] 15A-928(c)" where "[the] defendant's attorney informed the court that he had discussed the case with [the] defendant and that [the] defendant would stipulate to the previous convictions[ ]" and "[the d]efendant [made] no contention on appeal that he was not aware of the charges against him, that he did not understand his rights, or that he did not understand the effect of the stipulation."
 
 Id
 
 .
 

 Additionally, in response to the defendant's argument "that the stipulation was ineffective because it was made by his attorney without defendant's having been advised by the court of his rights regarding the stipulation[,]"
 
 id
 
 . at 245,
 
 455 S.E.2d at 166
 
 , this Court explained that
 

 it is clear that a defendant's attorney may stipulate to an element of the charged crime on behalf of the defendant.... Moreover, there is no requirement that the record show that the defendant personally stipulated to the element or that the defendant knowingly, voluntarily, and understandingly consented to the stipulation. ... It is well-established that stipulations are acceptable and desirable substitutes for proving a particular act. Statements of
 
 *684
 
 an attorney are admissible against his client provided that they have been within the scope of his authority and that the relationship of attorney and client existed at the time. In conducting an individual's defense an attorney is presumed to have the authority to act on behalf of his client. The burden is upon the client to prove lack of authority to the satisfaction of the court.
 

 Id
 
 . at 245,
 
 455 S.E.2d at 166-67
 
 . Yet, in
 
 Jernigan
 
 , the defendant did not show, nor contend, that his attorney was acting contrary to his wishes.
 

 Id.
 

 at 245
 
 ,
 
 455 S.E.2d at 166
 
 . Thus, this Court held the trial court did not commit reversible error in
 
 Jernigan
 
 by failing to formally arraign the defendant as provided in N.C. Gen. Stat. § 15A-928(c).
 

 The present case is distinguishable from Jernigan only by the facts that defense counsel refused to stipulate to the prior convictions, requiring the State to put on evidence of all the elements of the charged offenses, and that defendant was primarily Spanish speaking. However, those distinctions do not sway us to reach a different result in the present case. Defendant does not assert that defense counsel was acting contrary to his wishes when he refused to stipulate to the prior convictions, but instead contends it is not clear that defendant understood the law because of a limited ability to understand English. We are not persuaded because there is no indication that defendant was confused about the charges or that defense counsel was acting contrary to defendant's wishes. Additionally, interpreters were present throughout the proceedings to translate for defendant. Lastly, despite defendant's assertions to the contrary, the State presented overwhelming evidence of defendant's guilt through testimony of the arresting officer. As a result, we hold the trial court did not commit reversible error.
 

 In a footnote at the conclusion of defendant's argument on appeal, defendant raises an issue as to the general competence of his trial counsel based on trial counsel's alleged fundamental misunderstanding of the methods the State may use to prove prior DWI convictions in habitual driving while impaired cases. Defendant asserts that "[i]t seems likely that his [trial counsel's] misunderstanding of basic traffic law could have led to a trial strategy that was fatal to his client's case" and requests that, in the event defendant is not awarded a new trial, this Court remand the matter for a hearing concerning his trial counsel's effectiveness. It appears that defendant is raising an ineffective assistance of counsel argument on appeal, but seeking review of the issue in superior court.
 

 *685
 
 It is well established that ineffective assistance of counsel claims "brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required,
 
 i.e.
 
 , claims that may be developed and argued without such ancillary procedures as the appointment of
 
 *77
 
 investigators or an evidentiary hearing." Thus, when this Court reviews ineffective assistance of counsel claims on direct appeal and determines that they have been brought prematurely, we dismiss those claims without prejudice, allowing defendant to bring them pursuant to a subsequent motion for appropriate relief in the trial court.
 

 State v. Thompson
 
 ,
 
 359 N.C. 77
 
 , 122-23,
 
 604 S.E.2d 850
 
 , 881 (2004) (citations omitted) (quoting
 
 State v. Fair
 
 ,
 
 354 N.C. 131
 
 , 166,
 
 557 S.E.2d 500
 
 , 524 (2001) ),
 
 cert. denied
 
 ,
 
 546 U.S. 830
 
 ,
 
 126 S.Ct. 48
 
 ,
 
 163 L.Ed.2d 80
 
 (2005). It is evident that defendant's ineffective assistance of counsel claim before this Court is premature. Thus, we dismiss any claim asserted in the footnote without prejudice and leave the matter for the trial court to consider upon a proper motion for appropriate relief by defendant.
 

 III.
 
 Conclusion
 

 For the reasons discussed above, the trial court did not commit reversible error when it failed to formally arraign defendant pursuant to N.C. Gen. Stat. § 15A-928(c).
 

 NO ERROR.
 

 Judges HUNTER, Jr., and DIETZ concur.